ANDREW DUNCAN v. THE STATE.

No. 14159. Delivered April 15, 1931.

The opinion states the case.

*Sam S. Devall,* of Hallettsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE. — Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

The state used only one witness, the sheriff, who acting under proper warrant searched appellant's premises. Under a chicken coop near the residence he found a gallon jar of whisky. In the garage he found two or three quarts of whisky. Following a trail some distance from the residence, he found in a "potato house, kind of log house" eight or ten barrels of mash, a still and two furnaces; the ashes or bricks about the furnaces were still hot. No evidence was offered by appellant.

The only bill of exception found in the record recites that appellant objected to the testimony of the sheriff on the ground (as we understand it) that the information upon which the affidavit was predicated had been received from an intoxicated person. The bill might be dismissed as wholly insufficient in that it fails to set out what evidence the sheriff gave. But waiving that, it seems to present no error. The affidavit recites that the two affiants had been informed by a party (naming him) while intoxicated that appellant was manufacturing and selling on described premises intoxicating liquor and that he had thereon a still and equipment designed for the purpose of such manufacture. We presume appellant based his objection on the theory that information received from

one under the influence of intoxicating liquor was not reliable. In the present instance it proved to be most accurate. Under cross-examination regarding the matter, the sheriff said the party was not drunk but had been drinking and was under the influence of liquor; that he had arrested the party and placed him in jail and it was some three or four hours later the information was given upon which the affidavit was based.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*